**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40885
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL RODRIGUEZ-ANDRADE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1236-ALL
--------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:*

Rafael Rodriguez-Andrade appeals his conviction for illegal reentry. He argues pursuant to the "ruse exception" of the Speedy Trial Act, 18 U.S.C. § 3161(b), that more than 30 days elapsed between his civil detention and his indictment.

The Speedy Trial Act, as a general rule, does not apply when a defendant is detained on civil deportation charges. United States v. De La Pena-Juarez, 214 F.3d 594, 597-98 (5th Cir. 2000). We have, however, recognized an exception to that rule, the "ruse

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exception," which is applicable only if a defendant establishes "that the primary or exclusive purpose of the civil detention was to hold him for future criminal prosecution." Id. at 598. Rodriguez was arrested and detained based on a charge that he violated the conditions of his supervised release. Therefore, the purpose of his detention was not in anticipation of formally charging him with the crime of illegal reentry. He has therefore not established that illegal reentry formed the primary basis for his civil detention and does not fall under the "ruse exception."

**AFFIRMED.**